1  WILMER CUTLER PICKERING
      HALE AND DORR LLP
2  Stephen A. Jonas, Esq.
   stephen.jonas@wilmerhale.com
3  60 State Street
   Boston, MA 02109
4  Tel:    (617) 526-6000
   Fax:    (617) 526-5000
5
   Ronald C. Machen (admitted *pro hac vice*)
6  ronald.machen@wilmerhale.com
   1875 Pennsylvania Avenue, N.W.
7  Washington, DC 20006
   Tel.: (202) 663-6000
8  Fax: (202) 663-6363

9  Attorneys for Defendant

10 PRABHAT K. GOYAL

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. CR-04-0201-MJJ** |
| Plaintiff, | |
| v. | **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF GOVERNMENT INTERVIEW NOTES** |
| **PRABHAT GOYAL,** | |
| Defendant. | |

Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

Defendant Prabhat K. Goyal respectfully submits this reply to the Government's opposition to his Motion to Compel Production of Government Interview Notes, filed on June 6, 2006 ("Motion to Compel").

## INTRODUCTION

For over a year, the Government steadfastly refused to provide Mr. Goyal with *any* of the raw interview notes taken by Government agents.  In June 2006, the Government specifically objected to producing any interview notes.[1]  Mr. Goyal was forced to seek the Court's intervention by filing the Motion to Compel.  Now, barely two months before trial, the Government has decided that it "does not object to the production . . . of the agents' notes" of interviews of Government witnesses.  Opp. at 3.  The Government's sudden about-face—for which it offers no explanation, other than the hardly novel fact that the credibility of its witnesses will be a central issue at trial (*see id.*)—leaves the suggestion that the Government has been withholding those notes not because it did not intend to produce them, but because it wished to delay their production until the last possible minute for strategic reasons, notwithstanding the Court's prior scheduling order requiring the Government to produce all Jencks Act material on or before April 13, 2006.  Scheduling Order ¶ 2 (Oct. 14, 2005).  Most importantly, for present purposes, the Government's belated disclosure of some handwritten interview notes does not exhaust its obligations under the Jencks Act, 18 U.S.C. § 3500(e)(2), *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).

The Government's production is incomplete in three respects.  First, although the Government promised to produce FBI agents' interview notes for all of its witnesses, it failed to

---

[1] *See* First Declaration of Stephen A. Jonas, Esq., in Support of Defendant's Motion to Compel Government Interview Notes ("First Jonas Decl.") ¶¶ 5-7.

Case No. CR-04-0201-MJJ                  1                  DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL GOVERNMENT INTERVIEW NOTES

Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

1  produce any notes at all for one witness, Dale Cline.  Second, the Government has not produced any

2  notes taken by FBI agents for any other individuals, even though (as Mr. Goyal demonstrated) such

3  notes are highly likely to contain *Brady* and *Giglio* material.  Third, the Government has not

4  produced any notes taken by Government attorneys, even though such notes are no less subject to

5  production under *Brady*, *Giglio*, and the Jencks Act than are FBI agent notes, except that review *in*

6  *camera* and redaction may be appropriate to ensure protection of any attorney mental impressions.

7  The Court should reject the Government's effort to avoid its responsibilities and order disclosure of

8  all remaining interview notes immediately.

9  **ARGUMENT**

10

11  **I.    THE NOTES DISCLOSED SO FAR CONFIRM THE APPLICABILITY OF THE JENCKS ACT.**

12

13          The notes produced so far demonstrate that the Government had no basis for opposing their

14  production under the Jencks Act.  In addition to the points made in Mr. Goyal's Motion to Compel

15  (at 9-12)—which the Government does not even mention, let alone rebut—a simple examination of

16  the Government's production reveals that each set of notes is a "substantially verbatim recital of an

17  oral statement made by said witness and recorded contemporaneously with the making of such oral

18  statement."  18 U.S.C. § 3500(e)(2).  Excerpts are attached to the Third Declaration of Stephen A.

19  Jonas, Esq., in Support of Defendant's Motion to Compel Government Interview Notes, submitted

20  herewith *ex parte* and under seal ("Third Jonas Declaration").[2]  Although the Government states that

21

22

23  _____

24  [2] The Third Jonas Declaration is filed under seal pursuant to the protective order dated January 9,
   2007, and *ex parte* because it contains defense strategies, themes and other information constituting
25  the privileged and confidential opinion work product of defense counsel—specifically, counsel's
   identifications of material variations between the interview notes and the FD-302 summaries.
26  Disclosure of defense strategy and other opinion work product of defense counsel at this stage in the
   proceedings would harm Mr. Goyal and defense counsel's ability to present the defense case at trial.
27  *See* Declaration of Stephen A. Jonas, Esq., In Support of Defendant's Motion for Administrative

28

Case No. CR-04-0201-MJJ                    2          <small>DEFENDANT'S REPLY MEMORANDUM IN
                                                      SUPPORT OF MOTION TO COMPEL
                                                      GOVERNMENT INTERVIEW NOTES</small>

Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

it "does not concede" that its notes constitute Jencks Act material (Opp. at 3), it offers no substantive argument that could even begin to justify a different conclusion.

The notes' status as Jencks Act material confirms that the Government had no justification for withholding them previously and that it violated this Court's prior scheduling order, which required their production no later than April 13, 2006.  Scheduling Order ¶ 2 (Oct. 14, 2005).  Relatedly, it shows that the Government's opposition to production of any notes—communicated as recently as June 5, 2006, before the filing of the Motion to Compel[3]—lacked any reasonable basis.

Moreover, the Government has failed to produce any notes at all of interviews of Dale Cline.  Mr. Cline was interviewed twice on April 2, 2003, and July 8, 2004.  On January 18, 2007—nearly two weeks after representing to the Court that it would produce all FBI agents' notes of Government witness interviews—the Government informed Mr. Goyal's counsel that it was unable to locate the agent notes of Mr. Cline's interviews.  The Court should order the Government to locate and produce these notes immediately.  If, in fact, the Government has destroyed or otherwise failed to preserve this Jencks Act material, Mr. Goyal reserves the right to seek an appropriate sanction for violation of the Government's obligation to preserve *all* interview notes of its witnesses for potential production.  *See, e.g.*, *United States v. Griffin*, 659 F.2d 932, 936-937 & n.3 (9th Cir. 1981) (noting that, if the Government fails to preserve Jencks Act material for a witness, "the proper sanction would be the striking of . . . that witness' testimony"); *United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976).

---

Leave to File Declaration *Ex Parte* and Under Seal, submitted herewith.  The Court previously granted Mr. Goyal's motion to file *ex parte* and under seal a similar document submitted in support of the Motion to Compel.  *See* Order dated December 14, 2006 (Dkt. 81).

[3] *See* First Jonas Decl. ¶ 5.

Case No. CR-04-0201-MJJ                                3        DEFENDANT'S REPLY MEMORANDUM IN
                                                                SUPPORT OF MOTION TO COMPEL
                                                                GOVERNMENT INTERVIEW NOTES

Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

## II.   THE EXCULPATORY AND IMPEACHING INFORMATION CONTAINED IN THE PRODUCED NOTES CONFIRMS THAT THE NOTES OF OTHER INTERVIEWS ARE SUBJECT TO PRODUCTION UNDER *BRADY* AND *GIGLIO*.

Mr. Goyal demonstrated in his opening memorandum that the notes of the Government's interviews in this investigation—including of persons whom the Government will not call at trial—are highly likely to contain "evidence relating to guilt or punishment which might reasonably be considered favorable to the defendant's case," which must therefore be disclosed. *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1199 (C.D. Cal. 1999). Tellingly, the Government's Opposition nowhere argues that the notes of non-testifying interviewees do *not* contain exculpatory or impeaching information not reflected in the FD-302 summaries. Instead, the Government argues only that Mr. Goyal has "not identified any information which he believes is contained in the interview notes beyond that which is memorialized in a 302" (Opp. at 3)—a curious claim, given that Mr. Goyal brought several examples of such information to the Government's attention in prior correspondence, and others were submitted to the Court *ex parte*.[4] Mr. Goyal's showing goes far beyond "speculation" (Opp. at 3); rather, it itemizes numerous examples of exculpatory and impeachment matters not contained in the 302. The Government's Opposition does not even begin to rebut that showing.

Moreover, the notes produced to date confirm that the notes contain significant exculpatory and impeaching material that is not reflected in the 302s. Several examples are set forth in the Third Jonas Declaration, submitted herewith *ex parte* and under seal. Similar exculpatory and impeachment material is highly likely to be found in the notes of other interviewees. Again, the

---

[4] *See* First Jonas Decl. Exs. 2, 3; Second Declaration of Stephen A. Jonas, Esq., in Support of Defendant's Motion to Compel Government Interview Notes (filed *ex parte* and under seal).

1   Government does not suggest otherwise.[5]

2      Accordingly, the Court should order the Government to produce the handwritten notes for *all*

3   interviews given in connection with this matter.

**III.   THE GOVERNMENT'S "WORK PRODUCT" ARGUMENT UNDER FED. R. CRIM.
P. 16 DOES NOT ALTER ITS OBLIGATIONS UNDER *BRADY*, *GIGLIO*, AND THE
JENCKS ACT, ALTHOUGH LIMITED REDACTIONS MAY BE APPROPRIATE**

6      The Government invokes Fed. R. Crim. P. 16(a)(2) in an effort to avoid production of

7   interview notes taken by Government lawyers. But Rule 16(a)(2), by its terms, is a limit only on the

8   disclosure sought under Rule 16 itself, on which Mr. Goyal does not rely in the instant Motion to

9   Compel. *See* Fed. R. Crim. P. 16(a)(2) (stating that "*this rule does not authorize* the discovery or

10  inspection of reports . . . made by an attorney" (emphasis added)). As the Supreme Court has held,

11  the Jencks Act requires the disclosure of statements of Government witnesses even if memorialized

12  by a Government attorney. *See, e.g.*, *Goldberg v. United States*, 425 U.S. 94, 105 (1976) ("[W]e see

13  no merit in the Government's argument that . . . disclosure of statements taken by Government

14  lawyers may undermine the policies that gave rise to the work-product doctrine."). Nor does the fact

15  that notes were taken by an attorney limit the prosecution's obligations to identify and produce

16  exculpatory or impeaching evidence under *Brady* or *Giglio*. *See, e.g.*, *United States v. Serv. Deli

17  Inc.*, 151 F.3d 938, 943-944 (9th Cir. 1998) (holding that Government violated *Brady* obligations by

---

[5] The Government attempts to minimize its *Brady* obligations by suggesting that it may withhold exculpatory evidence as long as doing so would not occasion a "miscarriage of justice." Opp. at 2 (internal quotation marks omitted). But as this Court has recognized, the burden on the defendant in this context is satisfied by a showing that the interview notes contain "exculpatory information that is either admissible or reasonably likely to lead to admissible evidence," including information that "will assist the defense in its preparation." *United States v. Bergonzi*, 216 F.R.D. 487, 499 (N.D. Cal. 2003), *appeal dismissed*, 403 F.3d 1048 (9th Cir. 2005); *see also, e.g.*, *United States v. Acosta*, 357 F. Supp. 2d 1228, 1233 (D. Nev. 2005); *United States v. Safavian*, 233 F.R.D. 12, 16-17 (D.D.C. 2005); *United States v. Carter*, 313 F. Supp. 2d 921, 925 (E.D. Wis. 2004); *Sudikoff*, 36 F. Supp. 2d at 1198-99.

Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

withholding Government attorney's raw notes); *United States v. Park*, 319 F. Supp. 2d 1177, 1178-1179 (D. Guam 2004) (Pregerson, J., sitting by designation) (ordering production of Assistant U.S. Attorney's notes of witness interview); *United States v. Safavian*, 233 F.R.D. 12, 16 (D.D.C. 2005) ("*Brady* always trumps . . . Rule 16." (citing cases)); *cf. also United States v. Milikowsky*, 896 F. Supp. 1285, 1308 (D. Conn. 1994) ("[T]he government is not allowed to withhold discoverable information and statements (including information that must be disclosed pursuant to *Brady, Giglio*, *Jencks*, and other discovery rules) merely by claiming it is included within [attorney] reports and memoranda."), *aff'd*, 65 F.3d 4 (2d Cir. 1995).

  Mr. Goyal recognizes the Government's right to preserve from disclosure the actual mental impressions of its attorneys and has no objection to the Government's production of attorney interview notes to the Court for *in camera* review and redaction of any attorney mental impressions. *Cf. Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987); Motion to Compel at 8-9.  The Government has stated no reason why any legitimate work-product concerns could not be adequately addressed in such a manner.

Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

DEFENDANT'S REPLY MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL
GOVERNMENT INTERVIEW NOTES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

## <u>CONCLUSION</u>

Mr. Goyal faces a twenty-count Indictment in a complex securities fraud case.  His ability to defend himself depends on the Government's compliance with its discovery obligations and this Court's scheduling orders.  Mr. Goyal prays that the Court grant his motion and order the Government to produce all remaining interview notes immediately.

Respectfully submitted,

PRABHAT K. GOYAL

Dated: January 26, 2007

/s/  Stephen A. Jonas
WILMER CUTLER PICKERING
  HALE AND DORR LLP
Stephen A. Jonas, Esq.
stephen.jonas@wilmerhale.com
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Ronald C. Machen (admitted *pro hac vice*)
ronald.machen@wilmerhale.com
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363

DEFENDANT'S REPLY MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL
GOVERNMENT INTERVIEW NOTES