SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

ELISE BECKER (NYSBN 2540730)
BRIAN J. STRETCH (CASBN 163973)
Assistant United States Attorneys

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102
  Telephone: (415) 436–6878
  Fax: (415) 436-7234
  Elise.Becker@usdoj.gov
  Brian.Stretch@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PRABHAT GOYAL, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | No. CR 04-0201 MJJ <br><br> UNITED STATES' MOTION FOR ADEQUATE DISCLOSURE AND TO PRECLUDE OR LIMIT EXPERTS FOR NON-COMPLIANCE WITH RULE 16 |

**INTRODUCTION**

As set forth below, the government hereby moves for adequate disclosure under Federal Rule of Criminal Procedure 16(b)(1)(c) of the opinions, and the bases for the opinions, of defendant's three expert witnesses. In the alternative, the government moves to preclude in whole or in part the testimony of defendant's experts absent adequate disclosure of their anticipated testimony.

**BACKGROUND**

I.   Legal standards for the admission of expert testimony

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 597 (1993), the Supreme Court held that under Federal Rule of Evidence 702 district courts must serve as "gatekeepers," "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (reaffirming district court's "special obligation" to ensure that expert testimony is both relevant and reliable); *see also United States v. Chang,* 207 F.3d 1169, 1172 (9th Cir. 2000) ("We view the admissibility of expert testimony [as] a subject peculiarly within the sound discretion of the trial judge, who alone must decide the qualifications of the expert on a given subject and the extent to which his opinions may be required.") (internal quotations omitted).

The Federal Rules of Evidence impose several prerequisites to the introduction of expert testimony that guide the court's gatekeeping responsibilities. First, the witness must qualify as an expert. To qualify as an expert, "'the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier of fact in his search for the truth.'" *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (internal quotation omitted). To ensure that the expert's testimony will assist the trier of fact, the court must determine whether the expert's qualifications "are sufficiently related to the issues and evidence before the trier of fact." Jack B. Weinstein & Margaret A. Berger, WEINSTEIN'S FEDERAL EVIDENCE § 702.04[1][b] at 50 (2d ed. 2005).

Second, expert testimony must be based on "scientific, technical, or other specialized knowledge." *See* Fed. R. Evid. 702. A witness whose testimony is not based on "scientific, technical, or other specialized knowledge" is not testifying as an expert. Instead, such a witness is simply another fact or percipient witness, and he may testify only as to matters on which he has direct knowledge. *See* Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

Third, Rule 702 requires that expert testimony "assist the trier of fact." The requirement that evidence "assist the trier of fact" "goes primarily to relevance," but the trial court must also "ensure that any and all ... testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. The relevance of expert testimony depends on whether it is "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Id.* at 591. Although an expert "may educate the factfinder about general principles," Fed. R. Evid. 702, advisory committee notes to 2000 amendment, "the proposed testimony [must] fit the facts of the case." WEINSTEIN'S FEDERAL EVIDENCE § 702.05[2][a] at 76.

II.     Legal standards for the disclosure of proposed expert testimony

Federal Rule of Criminal Procedure 16(b)(1)(C) requires the defendant to "give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705." Under this rule, the government "is entitled to a summary of the expected testimony" and "a summary of the bases of the expert's opinion." Fed. R. Crim. P. 16, advisory committee notes to 1993 amendment. The notice must identify the expert's "actual opinion" and give a "summary of the expected testimony, not a list of topics." *United States v. Duvall*, 272 F.3d 825, 828 (7th Cir. 2001). Nor is it sufficient for the notice to state only the conclusion that the expert reached, without giving "the reasons for those opinions." *United States v. Barile*, 286 F.3d 749, 758 (4th Cir. 2002). The summary of the bases of the expert's opinion, which the advisory committee notes identify as the "most important" aspect of the disclosure, should include "not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts." Fed. R. Crim. P. 16, advisory committee notes to 1993 amendments. The extent of the disclosure depends on the complexity of the case. *See United States v. Jackson*, 51 F.3d 646, 651 (7th Cir. 1995). Nevertheless, disclosure of both the expert's opinion and the bases for that opinion must be sufficient to allow the government to prepare for "focused cross-examination" of the expert without the need for a continuance after the expert has testified. Fed. R. Crim. P. 16, advisory committee notes to 1993 amendment.

**ARGUMENT**

I.      The expert disclosures fail to provide the "bases and reasons" for the experts' opinions.

Pursuant to the parties' stipulation and the Court's pre-trial Order regarding the disclosure of expert and lay witnesses, the defendant has given notice of his intent to call three expert witnesses: Timothy S. Lucas, a Generally Accepted Accounting Principles (GAAP), Financial Accounting Standards Board (FASB) and Emerging Issues Task Force (EITF) expert; Thomas C. Leonard, an accountant; and Kenneth Lehn, an economist and professor of finance.  The notices for experts Mr. Lucas and Mr. Leonard are four pages long, and the notice for Mr. Lehn is three pages long.  The notices all follow the same format: the expert's qualifications as set forth in his attached curriculum vitae; a summary of the anticipated testimony; and a section on additional bases for opinions which is, for all three, their education, training, relevant work experience as set forth in their curriculum vitae, in addition to information relating to the case, including documents provided by the government and the Securities and Exchange Commission.  Notably, the notices do not include any reports and the defendant has stated that there are none.

These defense disclosures violate Rule 16 because they fail to provide a summary of the expected testimony.  Instead, these disclosures merely provide a "list of topics", and nothing more.  *See United States v. Duvall*, 272 F. 3d at 825.

For example, the defendant's expert witness notice of Thomas C. Leonard states Mr. Leonard will opine that Network Associates (NAI) properly recognized revenue based on a sale-in accounting model between 1998 and 2000 based on his "evaluation"of 12 different subject matters, namely:

(1) "payments made by NAI to Ingram and other distributors for rebates, discounts, and other incentives, including the allegations concerning NAI's $21 million cash payments to Ingram in the fourth quarter of 1999 and NAI's $15 million cash payments to Ingram in March 1999";

(2) "the appropriate classification of such payments as between reductions in revenue and expenses under the-existing accounting rules";

(3) "so-called 'excess inventory fees'";

(4) "NetTools";

U.S. RULE 16 MOTION
No. CR 04–0201 MJJ                              -4-

1  (5) "the agreements between NAI and its distributors and NAI's Days Sales Outstanding against
2  distributors' Days in Inventory with respect to alleged consignment sales";
3  (6) "the rights of return enjoyed by NAI's distributors";
4  (7) "NAI's cash receipts, revenue, and profits from its sales to distributors";
5  (8) "the level of NAI's channel inventory during 1998-2000";
6  (9) "NAI's financial restatements in 2002 and 2003 (should they be admitted into evidence)";
7  (10) "the responsibilities of Controllers and other financial department personnel, including NAI,
8  with respect to accounting decisions and entries";
9  (11) "the relationship between Ingram and its vendors, including NAI, during 1998-2000"; and
10 (12) "industry practices with respect to the use of sell-in accounting in the software industry."
11         Presumably, this broad list of matters on which Mr. Leonard will testify relates to his
12 expert opinion that the revenue recognition model used by NAI between 1998 and 2000 did not
13 violate GAAP; however, the defendant has provided absolutely no description of Mr. Leonard's
14 evaluation, or his opinions and the bases for them, on any of these 12 subject matters.  The notice
15 fails to set forth what kind of analysis he performed, what scientific principles and methods he
16 applied, and what conclusions he reached as a result of this analysis, regarding any of the 12
17 topics.  The defendant's failure to provide the required disclosure of the substance of Mr.
18 Leonard's testimony on NAI's revenue recognition policy as well as the additional opinions set
19 forth in the notice of his expert testimony (for example, his opinion and the bases therefore, of
20 five additional subject matters, including "the use of the Four Corners Model as a forecasting
21 tool"), prevents the government from adequately preparing to cross-examine him or prepare for
22 rebuttal testimony.
23         Furthermore, Mr. Leonard's testimony overlaps with that of Mr. Lucas and Mr. Lehn, the
24 other two defense expert witnesses.  For example, the defendant has given notice that Mr. Lucas
25 will testify that, in his opinion, certain practices at NAI did not, "in and of themselves, preclude
26 revenue recognition or use of the sell-in accounting model under United States GAAP."  As set
27 forth above, Mr. Leonard intends on testifying that NAI's revenue recognition model was
28 consistent with GAAP.  Another area of Mr. Leonard's "additional opinions and testimony"

relates to NAI's disclosures of its channel inventory levels and "other material aspects of its relationship with its distributors," which appear to be the bases for some of Mr. Lehn's testimony. While the defendant states in a footnote that Mr. Lucas's testimony will not duplicate that of Mr. Leonard, their anticipated testimony already does.

Also, Mr. Lucas is expected to testify as to "(1) the guidelines and pronouncements that comprise GAAP; (2) the necessity of using professional judgments and estimates in applying GAAP; (3) the evolution of GAAP in response to practical, economic and technological change; and (4) the role of the EITF in addressing evolving standards and disparate practices." However, the defendant fails to summarize the substance of the anticipated testimony, the witness's analysis in reaching his opinions and the relevance of the testimony. For example, the notice fails to set forth what specific evolution of GAAP Mr. Lucas intends on discussing, what "practical, economic and technological change" brought that evolution about, and on which expert materials he relies in forming his opinion. Again, the expert witness notice fails to adequately set forth the substance of the anticipated expert testimony and instead merely provides an inadequate "list of topics." *United States v. Duvall*, 272 F.3d at 828.

Similarly, the expert witness notice for Mr. Lehn is equally vague and void of any reasoning. For example, the expert witness notice states that Mr. Lehn will testify as to "the workings of the equity markets, the sources of information available to market participants about publicly traded companies, and the role of analysts in digesting the available information." The notice then fails to describe on which specific information he relied in forming his opinion -for example, what "information about Network Associates' relationship with distributors", what "information about Network Associates' agreements with its distributors", what "information about Network Associates' accounting policies", what "information about the development, importance and use of Network Associates' indirect sales channel", what "information about the importance of last month of the quarter sales", what "information about inventory levels and Day Sales Outstanding levels", what "information about Network Associates' pricing policies, incentives, returns, and market support programs." As it reads now, the expert witness notice for Mr. Lehn fails to even set forth the likelihood that his testimony relies on any specialized

knowledge and is inadmissible under Federal Rule of Evidence 702.

The defense's non-compliance with Rule 16 will result in unnecessary trial delays and will impede this Court in discharging its "gatekeeping" function with respect to weeding out irrelevant and unreliable expert testimony. In order for the Court to discharge its gatekeeping role with respect to a particular scientific methodology, the proponent of an expert opinion must give adequate disclosure of what that methodology entails. Here, the defendants' failure to disclose the slightest detail about their experts' methodologies will impede the government in its ability to make appropriate *Daubert* challenges, thereby hamstringing this Court's ability to perform its role.

Accordingly, the Court should require the defendant to make adequate disclosures concerning all of its experts' opinions so the government and the Court have a meaningful opportunity to assess each opinion in light of Federal Rule of Evidence 702's relevance requirement, as well as Rule 702's reliability requirement, as set forth in *Daubert*.

II.  The defendant's Rule 16 violation will impede the government's ability to conduct focused cross-examination.

The defendants' inadequate disclosures not only violate the letter of Rule 16, they will prevent the government from adequately preparing for cross-examination of the defense experts. This runs afoul of the very purpose of Rule 16, which is to provide the government with a "'fair opportunity to test the merit of the expert's testimony through focused cross-examination.'" *United States v. Mendoza-Paz*, 286 F.3d 1104, 1111 (9th Cir. 2002) (quoting advisory committee notes to 1993 Amendments to Rule 16); *see also* Fed. R. Crim. P. 16, advisory committee's notes to 1993 amendments (Rule 16 was "intended to minimize surprise that often results from unexpected expert testimony [and] reduce the need for continuances").

Without knowing prior to the defense case the experts' bases and reasons for their opinions, the government will be forced to ferret out this information during cross-examination, instead of conducting "focused cross-examination" on a few key points. This will result in an unnecessary lengthening of the trial.

III.   <u>The Court should require the defendant to provide additional disclosure, or in the alternative, preclude the defense experts.</u>

The Court should not permit the defendant to minimize the importance of Rule 16 by providing inadequate notices of its expert witnesses' testimony. Accordingly, the government respectfully requests that the Court order the defendant to make the appropriate disclosures, or, if he refuses, to exclude all of the defense experts from testifying.

The Court may order the defendant to make supplemental disclosures that comply with Rule 16 by setting forth the specific "bases and reasons" for each of the opinions vaguely described in the Expert Disclosures. *See, e.g., United States v. Caputo*, 382 F. Supp. 2d 1045, 1051–53 (N.D. Ill. 2005) (requiring defendants to provide additional information where their Rule 16 disclosures "never identified the tests" that allegedly established a product's safety and effectiveness, and failed to disclose the reasons for the expert's opinion that certain protocols were not relevant; "Dr. Rutula's scientific knowledge and experience permit him to give an opinion, but they do not explain the reason supporting his opinion.")

In the alternative, the Court also has authority to "prohibit the party from introducing the undisclosed evidence" where a party has failed to provide appropriate disclosures of expert testimony. Fed. R. Crim. P. 16(d)(2). Where, as here, a criminal defendant fails to provide the "bases and reasons" for an expert's expected testimony, "the district court's exclusion of this portion of his testimony is an acceptable remedy under the rule." *United States v. Barile,* 286 F.2d at 759 (upholding exclusion of portion of expert testimony on materiality because defense failed to provide bases and reasons for opinion). *See also United States v. Nash*, 115 F.3d 1431, 1439 (9th Cir. 1997) (upholding exclusion of expert testimony based on willful lack of disclosure). Such exclusion can be necessary to prevent unfair surprise. *See United States v. Gauvin,* 173 F.3d 798, 802–03 (10th Cir. 1999) (upholding exclusion of expert testimony on grounds of relevance and unfair surprise under Federal Rule of Evidence 702).

## CONCLUSION

For the foregoing reasons, the government requests that the Court order the defendant to comply with Rule 16 by providing supplemental disclosures for each of his expert witnesses, or

1  in the alternative, exclude the defense experts.

2  Dated: February 21, 2007                Respectfully submitted,

3
                                           SCOTT N. SCHOOLS
4                                          United States Attorney

5
                                                  /s/
6                                          _____
                                           ELISE BECKER
7                                          BRIAN J. STRETCH
                                           Assistant United States Attorneys

U.S. RULE 16 MOTION
No. CR 04–0201 MJJ                -9-