**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | No. CR 04-00201 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS AS TIME-BARRED** |
| v. | |
| PRABHAT GOYAL, | |
| Defendant. | |

Before the Court is Defendant Prabhat Goyal's Motion to Dismiss Counts as Time-Barred.[1] For the following reasons, the Court **GRANTS** Defendant's motion, **DISMISSES** Counts Eleven and Twelve, and **EXCLUDES** evidence related to Count Twenty as described below.

**FACTUAL BACKGROUND**

On or about October 1, 2003, Defendant, through counsel, executed a tolling agreement with the government.  (*See* Defendant Goyal's Notice of Motion and Memorandum of Point and Authorities in Support of Motion to Dismiss Counts as Time-Barred ("Motion"), Exhibit A).  The first paragraph of the tolling agreement states the parties "have engaged in general discussions regarding the possibility of a criminal prosecution of Mr. Goyal for securities fraud (15 U.S.C. §§ 78j(b) and 77ff, and 17 C.F.R. § 240.10b-5) in connection with his employment at Network Associates during the years 1998 through at least 2000."  (*Id.*)

---

[1] Docket No. 160.

Section 77ff reads:

> The board of directors shall cause accounts to be kept of all matters relating to or connected with the transactions and business of the Corporation, and cause a general account and balance sheet of the Corporation to be made out in each year, and cause all accounts to be audited by one or more auditors who shall examine the same and report thereon to the board of directors.

15 U.S.C. § 77ff.

The relevant statute of limitations for the violations charged in the Indictment reads:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

18 U.S.C. § 3282.

After referencing section 3282, the second paragraph of the tolling agreement states that "by signing this letter, Mr. Goyal agrees to waive his right to assert the applicability of this statute to any Indictment or Information brought by the United States on or before June 11, 2004, alleging that the above offenses were committed during the period five years before April 1, 2003." (*See* Motion, Exhibit A.)

On June 10, 2004, the grand jury returned a twenty-count Indictment against Defendant. (*See* Indictment.) Counts Eleven and Twelve of the Indictment charge Defendant with false statements to auditors under 15 U.S.C. §§ 78m(b)(2) and 78ff and 17 C.F.R. § 240.13b2-2 based on conduct that occurred on or about April 15, 1999 and May 12, 1999. (*Id.* at ¶ 44.) Count Twenty charges Defendant with false book and records under 15 U.S.C. §§ 78m(b)(2)(A) and 78ff and 17 C.F.R. § 240.13b2-1 based on conduct beginning in or about January 1999. (*Id.* at ¶ 46)

Defendant Prabhat Goyal argues the tolling agreement does not apply to the violations that form the basis of Counts Eleven, Twelve, and Twenty of the Indictment. As a result, Defendant asks the Court to dismiss Counts Eleven and Twelve, which rely solely on conduct occurring five years before the Indictment, and limit evidence related to Count Twenty to conduct occurring within the five-year period.

//

//

2

## ANALYSIS

In support of his claim, Defendant asserts that, staying within the four corners of the document, the tolling agreement applies only to the provisions explicitly set forth in the parenthetical, namely: 15 U.S.C. §§ 78j(b) and 77ff, and 17 C.F.R. § 240.10b-5. Defendant cites to a Seventh Circuit case in support of his position that a tolling agreement must be construed in accordance with its plain terms. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992-993 (7th Cir. 2007).

However, the government argues that a reading on its face shows the tolling agreement applied to securities fraud generally and that the agreement should not be limited to only those violations listed in the parenthetical. (*See* Government's Response to Motion to Dismiss Count as Time-Barred, 2:18-20.)   The government asks for an interpretation of the agreement that treats the parenthetical as illustrative rather than exclusive.  The government does not cite any case law to support this reading of the agreement.

In the alternative, the government suggests that the Court should read the reference to 15 U.S.C. § 77ff, a board of directors statute, as a reference to 15 U.S.C. § 78ff, the penalty statute for violations of the Securities Exchange Act of 1934 ("Act"). (*Id.* at 2:27-28). The government argues that the reference to 15 U.S.C. § 77ff must be a typographical error since section 77ff is inapplicable to Defendant. On that reading, the government argues the tolling agreement reaches the violations included in Counts Eleven, Twelve, and Twenty since the Act includes 15 U.S.C. §§ 78m(b)(2) and (5) and 17 C.F.R. §§ 240.13b2-1 and 240.13b2-2.

Defendant claims that even under an interpretation that substitutes section 78ff for section 77ff, the tolling agreement should not be interpreted as extending to all provisions of the Act since that reading would render superfluous the specific references to other provisions of the Act set forth in the parenthetical. Defendant argues that if section 78ff was read into the agreement and incorporated all provisions of the Act, as the government has suggested, there would be no need to list other provisions of the Act as a simple reference to section 78ff would have sufficed.

For the Court, the threshold inquiry is whether the meaning of the tolling agreement is plain on its face.  While its plain meaning seemingly limits the agreement to 15 U.S.C. §§ 78j(b) and 77ff,

3

and 17 C.F.R. § 240.10b-5, the inclusion of section 77ff leads the Court to find ambiguity in the agreement. The Court does not find Defendant's reliance on *Camico* persuasive. The court in *Camico*, interpreting a tolling agreement in the civil context, first determined the language of the contract was clear and unambiguous before interpreting the agreement only within its "four corners." *Camico Mut. Ins. Co.*, 474 F.3d at 992-993. The reference in the tolling agreement to the section 77ff provision, which refers to board of directors and does not apply to Defendant or his conduct, evidences a mistake made by either one or both parties and renders the agreement and its terms ambiguous. This ambiguity prevents the Court from interpreting the tolling agreement using only its plain language.

However, the Court also rejects the government's suggestion that the Court resolve the ambiguity by simply reading the reference to section 77ff as a reference to section 78ff. The evidence in the record and the relevant case law does not support this modification to the agreement. First, the government has not entered any parol evidence suggesting that the parties truly intended a reference to 15 U.S.C. § 78ff. Second, the government's argument that the Court should simply read the reference to section 77ff as a reference to section 78ff does not support a reasonable interpretation of the agreement. Even assuming the Court were willing to substitute the reference to section 77ff for section 78ff, such a change would render the references in the parenthetical to 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5 entirely superfluous since those statutes are also incorporated in section 78ff's penalty provision.

Moreover, Ninth Circuit case law regarding contract interpretation in the criminal context strongly counsels against construing the ambiguity in favor of the government. The Ninth Circuit has held that "construing ambiguities in favor of the defendant makes sense in light of the parties' respective bargaining power and expertise." *U.S. v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006). In that case, which involved interpretation of a plea agreement, the Court found that "the government is usually the drafter and must bear responsibility for the lack of clarity" and that "ambiguities are therefore construed in favor of the defendant." *Id.* (citations omitted). Here, construing the ambiguity in favor of Defendant, the Court finds it reasonable to limit the tolling agreement only to the statutes specifically enumerated therein.

4

Allowing the government to either expand the agreement broadly through the term "securities fraud" or incorporate all provisions of the Act by substituting section 78ff for section 77ff would allow the drafter to sweep in provisions of a wholly different derivation than those originally intended by the parties. Doing so would effectively give the government power to transform the agreement unilaterally with no deference to the intentions of Defendant.

Based on the language of the agreement, the Court finds the government twice limited itself to specific provisions of the United States Code. First, the government specifically listed certain provisions in the parenthetical. Second, the agreement's second paragraph refers to "the above offenses." While the language in the agreement remains ambiguous at best, and a typographical error at worst, without the substitution of section 78ff for section 77ff, the Court finds that this interpretation is the only one possible under the circumstances. In a criminal context, the Court must construe the ambiguity against the government, who drafted the agreement, and reject the substitution of section 78ff for section 77ff. Since the Court finds the government intended to limit itself to certain provisions, the Court declines to extend the tolling agreement to reach violations not enumerated therein.

## CONCLUSION

As a result of the ambiguity in the tolling agreement and the principles of contract interpretation in the criminal context set forth by the Ninth Circuit, the Court finds it appropriate to **GRANT** the remedy requested by Defendant, namely dismissal of Counts Eleven and Twelve, which rely solely on activity that occurred more than five years before the Indictment, and the exclusion of conduct supporting County Twenty that falls outside that five-year period. The Court **DISMISSES** Counts Eleven and Twelve and **EXCLUDES** evidence supporting Count Twenty occurring before June 10, 1999.

**IT IS SO ORDERED.**

Dated: April 2, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

5