WILMER CUTLER PICKERING
   HALE AND DORR LLP
Stephen A. Jonas
stephen.jonas@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone:   (617) 526-6000
Facsimile:    (617) 526-5000

Ronald C. Machen (admitted *pro hac vice*)
ronald.machen@wilmerhale.com
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363

Attorneys for Defendant,

PRABHAT K. GOYAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**PRABHAT K. GOYAL,**<br><br>　　　　　**Defendant** | **Case No. CR-04-0201-MJJ**<br><br>**DEFENDANT GOYAL'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ADMIT THE DOCUMENT MARKED DX 853 INTO EVIDENCE FOR LIMITED PURPOSES**<br><br>**Location: Courtroom 11, 19th Floor**<br>**Before: Honorable Martin J. Jenkins** |

PLEASE TAKE NOTICE that, upon the memorandum of points and authorities below and the Declaration of Ronald C. Machen filed herewith, defendant Prabhat Goyal will move this Court for an order admitting the document marked DX 853 into evidence for limited purposes, as soon as counsel may be heard before the Honorable Martin Jenkins at the Phillip Burton Federal Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On April 20, 2007, during its cross-examination of Ricardo Antonio "Tony" Mendoza, counsel for Mr. Goyal sought to introduce an email marked DX 853 for limited, non-hearsay purposes.[1] The Court declined to admit the document, finding that it was cumulative of Mr. Mendoza's testimony. Because the document is probative for purposes beyond that to which Mr. Mendoza testified, the defendant respectfully moves that the Court admit DX 853 into evidence.

## STATEMENT OF FACTS

Tony Mendoza testified on April 20, 2007. Prior to his testimony regarding DX 853, Mr. Mendoza testified on cross-examination that he "assum[ed]" that auditors from PwC would audit things such as deal rebates. *Transcript of Proceedings, Vol. IX*, *United States v. Goyal*, at 1337:19-23 (Apr. 20, 2007) (Machen Decl. Ex. 2). With respect to DX 853, Mr. Mendoza testified that back-up data relating to a "sell through rebate" associated with a distribution deal was requested in anticipation of the possibility that PwC would perform a future audit, and that he forwarded the request to another individual. *Id*. at 1340:2-15. The Court declined to admit the email into evidence, reasoning that it would be cumulative because Mendoza had adopted the email to the extent that it provides circumstantial evidence that there was not an intent to conceal documentation

---

[1] DX 853 is attached as Exhibit 1 to the Declaration of Ronald Machen in Support of the Motion submitted herewith ("Machen Decl.").

CASE NO. CR-04-0201-MJJ  -1-  DEFENDANT'S MOTION TO ADMIT DX 853 INTO EVIDENCE

detailed therein from PwC. *Id.* at 1357:2-1359:4. At the close of proceedings on April 20, the Court signaled that it would be willing to revisit the issue. *Id.* at 1359:24-1360:1.

## ARGUMENT

**I. DX 853 Is Probative For Purposes Beyond That To Which Mr. Mendoza Testified, and Therefore Should Be Admitted Into Evidence**

Out of court statements can be admitted for the limited purpose of showing "the context within which the parties were acting, to permit the factfinder to learn the circumstances surrounding the matter [in question]." *Atlantic-Pacific Constr. Co., Inc. v. N.L.R.B.*, 52 F.3d 260, 263 (9th Cir. 1995). In this case, Mr. Mendoza adopted DX 853 in testimony for the narrow purpose of providing circumstantial evidence of an absence of intent to conceal ***the particular materials described in the email*** from PwC. However, the email itself is probative for purposes that extend beyond Mr. Mendoza's limited adoption. Specifically, the email provides circumstantial evidence of a ***systematic effort*** at Network Associates to make relevant information available to PwC, and that Mr. Mendoza was aware of that effort. The email shows that the request to Mr. Mendoza for back-up documentation was framed as a "reminder," which is suggestive of an organized and ongoing effort to compile information in anticipation of PwC audits. Moreover, the email sequence shows that an effort was made to ensure that all necessary material was provided, and that a discussion took place as to precisely what would be required in the event of an audit.

In sum, DX 853 provides context related to the system by which documentation was gathered and made available to PwC, not just in a particular instance, but as a matter of course. That Mr. Mendoza was copied on the entire email sequence provides circumstantial evidence that he was aware of the systematic effort to collect documentation for PwC. Such knowledge extends well beyond his testimony that he received the request, passed it along, and "assum[ed]" that PwC would audit deal rebates. It therefore provides circumstantial evidence of intent and state of mind more powerful than that to which Mr. Mendoza testified, and is not cumulative of that testimony.

*See United States v. Lee*, 427 F.3d 881, 896-897 (11th Cir. 2005) (upholding admission of email for non-hearsay purposes because it showed awareness that certain transactions were inappropriate); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966, 974 (C.D. Cal. 2006) (admitting an entire category of emails because they tended to show defendant's knowledge that its customers' activities were infringing plaintiff's copyright).

## CONCLUSION

For the foregoing reasons, the Court should admit DX 853 into evidence.

Respectfully submitted,

Dated: April 24, 2007

PRABHAT K. GOYAL

_____
WILMER CUTLER PICKERING
  HALE AND DORR LLP
Ronald C. Machen, Esq.
Stephen A. Jonas, Esq.

## CERTIFICATE OF SERVICE

I am a citizen of the United States. I am over the age of 18 and not a party to this action. My business address is 60 State Street, Boston, Massachusetts 02109.

On April 24, 2007, I caused the Defendant's Motion and Memorandum of Points and Authorities In Support of Motion to Admit the Document Marked DX 853 Into Evidence For Limited Purposes on the following persons electronically and by Federal Express or hand delivery:

Assistant United States Attorney Elise Becker
United States Attorney's Office
450 Golden Gate Avenue
San Francisco, CA 94102
Elise.Becker@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 24, 2007, at San Francisco, California.

*Charles Beene* (signature)
Charles Beene