WILMER CUTLER PICKERING
 HALE AND DORR LLP
Stephen A. Jonas, Esq.
stephen.jonas@wilmerhale.com
Christopher R. Noyes, Esq. (admitted *pro hac vice*)
christopher.noyes@wilmerhale.com
60 State Street
Boston, MA 02109
Tel.: (617) 526-6000
Fax: (617) 526-5000

Ronald C. Machen, Esq. (admitted *pro hac vice*)
ronald.machen@wilmerhale.com
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363

Attorneys for Defendant

PRABHAT K. GOYAL

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **PRABHAT GOYAL**, Defendant. | **Case No. CR-04-0201-MJJ**<br><br>**DEFENDANT'S UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF TO EXCEED PAGE LIMIT FOR MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT OF ACQUITTAL UNDER FED. R. CRIM. P. 29** |

## MOTION

Pursuant to Criminal Local Rule 47-2(b) and Civil Local Rule 7-4(b) of the United States District Court for the Northern District of California, defendant Prabhat K. Goyal respectfully requests an order from the Court allowing Mr. Goyal to exceed the page limit for his memorandum in support of his motion for judgment of acquittal under Fed. R. Crim. P. 29, due on June 29, 2007. Because of the complexity of the issues, the numerous witnesses and documents in evidence in this

**Case No. CR-04-0201-MJJ** 1 DEFENDANT'S UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF TO EXCEED PAGE LIMIT FOR RULE 29 MEMORANDUM

case, and the fact that Mr. Goyal's personal liberty is at stake, counsel for Mr. Goyal respectfully requests leave to file a memorandum not to exceed 35 pages. The Government does not oppose the relief sought in this motion.

## BACKGROUND

On May 10, 2007, the jury convicted Mr. Goyal on all fifteen counts submitted to it: one count of securities fraud (Count Two); seven counts of false SEC filings (Counts Three through Five and Seven through Ten); and seven counts of false statements to auditors (Counts Thirteen through Nineteen).[1] Mr. Goyal timely moved for judgment of acquittal under Rule 29 at the close of the Government's case-in-chief and at the close of all evidence. The Court has set a briefing schedule under which Mr. Goyal's memorandum in support of his Rule 29 motion is due on June 29, 2007. (D.I. 287).

## ARGUMENT

Addressing the flaws in the Government's case requires an extensive analysis of the record. As the Court knows, the case involved twenty days of proceedings, including nine days of testimony by sixteen witnesses and hundreds of pages of exhibits. And although many of the Indictment's counts made similar allegations, the Government's case involved a broad-based attack on NAI's use of sell-in accounting, its interactions with its auditors, and several aspects of NAI's business model over a full three year period.

The Government's evidence was lacking in four respects: (1) the failure to demonstrate that NAI's use of sell-in accounting violated GAAP and, therefore, that NAI's financial statements were misstated; (2) the failure to demonstrate that Mr. Goyal knew or believed that the use of sell-in

---

[1] Prior to the close of the Government's case-in-chief, the Government voluntarily dismissed Counts Six and Twenty (D.I. 179), and the Court dismissed Counts Eleven and Twelve as time-barred. (D.I. 194). After the Government rested but before the close of the defense case, the Government also voluntarily dismissed Count One. (D.I. 233).

Case No. CR-04-0201-MJJ    2    **DEFENDANT'S UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF TO EXCEED PAGE LIMIT FOR RULE 29 MEMORANDUM**

accounting violated GAAP or rendered the financial statements misleading; (3) the failure to show that material information about transactions and sales terms were concealed from NAI's auditors at Pricewaterhouse Coopers ("PwC"); and (4) the failure to show that Mr. Goyal knew or believed that material information was withheld from PwC when he signed the management representation letters. In short, the Rule 29 Motion addresses all of the significant aspects of the Government's case.  It will require a careful and extensive review of the evidence.  It will also require a thorough discussion of applicable case law.

Because Mr. Goyal's liberty is at stake, defense counsel respectfully requests leave to submit a memorandum in support of the Rule 29 motion that exceeds the 25-page limit under the Court's rules.  Defense counsel believes that ten additional pages would allow Mr. Goyal to present the Court with an efficient and fulsome discussion of this serious matter.

The Government does not oppose the relief sought in this motion.

## CONCLUSION

For the foregoing reasons, Mr. Goyal respectfully requests that the Court grant him leave to submit a memorandum in support of his Rule 29 motion for judgment of acquittal not to exceed 35 pages in length.  A proposed order is attached.

Respectfully submitted,

PRABHAT K. GOYAL

Dated: June 15, 2007

/s/ Christopher R. Noyes
WILMER CUTLER PICKERING
  HALE AND DORR LLP
Stephen A. Jonas, Esq.
Ronald C. Machen, Esq.
Christopher R. Noyes, Esq.

Case No. CR-04-0201-MJJ        3        **DEFENDANT'S UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF TO EXCEED PAGE LIMIT FOR RULE 29 MEMORANDUM**

Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**PRABHAT GOYAL,**

    Defendant.

Case No. CR-04-0201-MJJ

**[PROPOSED] ORDER GRANTING MOTION FOR ADMINISTRATIVE RELIEF TO EXCEED PAGE LIMIT FOR MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT OF ACQUITTAL UNDER FED. R. CRIM. P. 29**

**IT IS HEREBY ORDERED THAT** Defendant's Unopposed Motion for Administrative Relief to Exceed Page Limit for Memorandum in Support of Motion for Judgment of Acquittal Under Fed. R. Crim. P. 29 is **GRANTED**.  Defendant may file a memorandum that does not exceed 35 pages in length.

Dated: _____, 2007

                                                    _____
                                                  Honorable Martin J. Jenkins
                                                  United States District Judge

Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109